UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CALCAGNO,<br><br>           Plaintiff,<br><br>   v.<br><br>KIPLING APPAREL CORP., *et al.*,<br><br>           Defendants. | Case No. 23-cv-2247-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br>**(ECF No. 10)** |

Pending before the Court is Defendant Kipling Apparel Corporation's ("Kipling") motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Plaintiff Christina Calcagno's Amended Complaint. (ECF No. 10.) The Court finds Defendant's motion suitable for determination on the papers submitted, without oral argument. Civ. L.R. 7.1(d)(i). Having considered the parties' submissions and for the reasons herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion. The Court further **GRANTS** Plaintiff leave to amend her Amended Complaint.

I.  **Background**

Defendant Kipling manufactures and sells handbags, backpacks, luggage, apparel, and other items. It sells its products through its main "flagship" stores, its outlet stores,

and at other retail stores. Allegedly, Kipling consistently advertises discounts for its outlet store merchandise. These markdowns appear either on large discount displays placed throughout the stores or on the merchandise's price tags. Plaintiff alleges these discount advertisements are found at all of Defendant's stores. Plaintiff contends Defendant's markdowns come in two varieties representing discounts from either: (1) former prices or (2) the market value of the goods. Plaintiff avers these markdowns are false or misleading because either (1) the listed "former" prices were never the listed price of the item or were listed at that price so long ago that the sale price is stale; or (2) the market value is inflated or inaccurate. On some but not all of the price tags, Plaintiff alleges the market price is accompanied by the phrase "Valued At." Plaintiff avers these false or misleading prices artificially inflate the perceived value of the merchandise and its associated bargain to consumers such that they purchase more products than they otherwise would.

According to her Amended Complaint, on January 18, 2022, Plaintiff shopped at a Kipling outlet store in San Diego, California. (ECF No. 7, "Am. Compl.") She saw signs in the store advertising 40% and 50% discounts. She purchased a small, multi-compartment "Matta" backpack and a small "Nicolle" hip waist bag from Defendant. Plaintiff purchased the "Matta" backpack for $54.50. The accompanying sales tag described a discount from a price of $109. Plaintiff purchased the "Nicolle" hip waist bag for $32.40. The accompanying sales tag described a discount from a price of $54. Plaintiff avers the full price of the goods was false and misleading and that she would not have purchased the products if not for the misrepresentations made by Defendant.

On February 23, 2024, Plaintiff filed the instant Amended Complaint on behalf of herself and all similarly situated class members pursuant to Rule 23(a), (b)(2), and (b)(3). She asserts violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, related to Defendant's misleading pricing scheme. On March 29, 2024, Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6).

## II. Legal Standard

Under Rule 12(b)(6), the court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

A complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). A complaint states a plausible claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not accept conclusory allegations as true; rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted).

## III. Standing

Defendant contends Plaintiff lacks standing to pursue claims related to products other class members may have purchased but that she herself did not purchase. Under Article III of the U.S. Constitution, a plaintiff must plead she has suffered sufficient injury to satisfy the "case and controversy" requirement. *See Clapper v. Amnesty Int'l*, 568 U.S. 398, 408 (2013). The Supreme Court has clarified that standing means a plaintiff must plead an (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that is fairly traceable to the action of the defendant; and (3) that is redressable by a favorable ruling from the court. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate

standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).

Courts in the Ninth Circuit have split over whether a plaintiff has standing to bring claims for products she did not personally purchase but were purchased by unidentified class members. Some district courts have dismissed these claims on the basis of standing. *See, e.g.*, *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021); *Missaghi v. Apple, Inc.*, No. CV-13-02003-GAF-AJWx, 2013 WL 12203021, at *8 (C.D. Cal. May 31, 2013). The majority of district courts, however, have found the issue of products purchased by unnamed class members is a question of class certification rather than one of standing. These courts have employed a "substantial similarity" approach where a plaintiff can bring a claim for products she did not purchase "so long as the products and alleged misrepresentations are substantially similar." *In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, No. MDL 13-2438-PSG-PLAx, 2014 WL 5311272, at *7 (C.D. Cal. Sept. 4, 2014). *See, e.g.*, *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1179–80 (C.D. Cal. 2022); *Moore v. EO Prods., LLC*, No. 22-CV-07618-JST, 2023 WL 6391480, at *4 (N.D. Cal. Sept. 29, 2023).

The Ninth Circuit has not affirmatively stated named plaintiffs have Article III standing to sue for claims on products purchased by unnamed class members but has suggested these concerns are questions for class certification. In *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015), the Ninth Circuit held the "disjuncture between the claims of named plaintiffs and those of absent class members" does not go to a question of standing but rather one of class representativeness. The Ninth Circuit noted "'once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met.'" *Id.* at 1261–62 (quoting 7AA Charles Alan Wright et al., Federal Practice & Procedure § 1785.1 (3d ed.)). The Ninth Circuit instructs courts to examine whether "the named plaintiffs' claims do not 'implicate a significantly different

set of concerns' than the unnamed plaintiffs' claims" to assess standing. *Id.* at 1263 (quoting *Gratz v. Bollinger*, 539 U.S. 244, 265 (2003)). This assessment should not be "too narrow or technical" but instead made "realistically." *Id.* (quoting *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001)).

The Court finds the stance adopted by the majority of district courts persuasive. Pursuant to this approach and *Melendres*, the Court examines Plaintiff's individual standing and whether her standing is sufficiently similar to the injuries suffered by the unnamed class members. Plaintiff claims she purchased a waist bag and backpack from Defendant when Defendant's outlet store advertised 40% and 50% discounts off various items. Plaintiff avers she purchased the bags under the belief the advertised purchase price represented discounts from former prices or the prices of comparable bags and would not have made these purchases if not for the alleged misrepresentations. (Am. Compl. at ¶¶ 48–50.) Because Plaintiff has alleged she lost money and relied on Defendant's alleged fraudulent conduct, she has sufficiently plead standing for her claims. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (holding in false advertising cases, plaintiffs meet the standing requirement by showing they relied on a misrepresentation and paid more than they otherwise would have if not for the misrepresentation).

Plaintiff alleges the unnamed class members similarly purchased products from Defendant's stores in reliance on representations that the products were discounted from former prices or from comparable goods. Plaintiff alleges Defendant displays its purportedly deceptive prices "for nearly all items they offer for sale" and that these prices "were uniform at every location." (Am. Compl. at ¶¶ 29, 43.) Plaintiff thus alleges the unnamed class members' claims are sufficiently similar. *See, e.g.*, *Tappana v. Am. Honda Motor Co.*, 609 F. Supp. 3d 1078, 1085 (C.D. Cal. 2022) (finding dissimilarities between the class members' purchases "is an argument more appropriately addressed at the class certification stage of the proceedings" and that plaintiffs had standing).

Defendant contends it employs both "Valued At" comparative pricing and other pricing practices such that Plaintiff lacks the requisite similarity between her claims and

the unnamed class members' claims. First, this contention is a factual question inappropriate for a motion to dismiss. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (noting "whether a business practice is deceptive will usually be a question of fact not appropriate" for motions to dismiss). Second, questions about the extent to which Plaintiff's claims are typical of other class members' claims are relevant for class certification rather than a motion to dismiss. The Ninth Circuit has instructed courts to assess the question of similarity "realistically" and not in a manner "too narrow or technical." *Melendres*, 784 F.3d at 1263. By a "realistic" reading of the Amended Complaint, Plaintiff's injuries and the injuries of the unnamed class members are sufficiently similar.

Accordingly, the Court denies Defendant's motion to dismiss for lack of standing.

## IV. Rule 9(b) Pleading Requirements

Defendant argues Plaintiff fails to plead her allegations with particularity as required under Rule 9(b). Rule 9(b) requires when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element, and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'" *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089–90 (C.D. Cal. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–06 (9th Cir. 2003)). Plaintiff alleges claims under California's UCL, FAL, and the CLRA. Rule 9(b) applies to all of these causes of action. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (applying Rule 9(b) to fraud claims brought under California's UCL, FAL, and the CLRA).

To satisfy Rule 9(b), a plaintiff must include the "who, what, when, where, and how" of the fraud including what is false about a statement and why it is false. *Vess*, 317 F.3d at

1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted). *See also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). A motion to dismiss under Rule 9(b) for failure to plead with particularity "is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim" where unspecific averments are disregarded in the complaint. *Vess*, 317 F.3d at 1107.

To allege a claim under the California UCL, FAL and CLRA, a plaintiff must allege a defendant's representations are likely to deceive a "reasonable consumer." *See Reid*, 780 F.3d at 958 ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'"). Under this standard, the plaintiff must allege facts that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Dismissal on the basis that the statements are not misleading is granted only where the court can determine from the alleged facts that no reasonable consumer could be deceived by the representations. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 967 (9th Cir. 2016).

Plaintiff Calcagno asserts two theories of misleading prices: prices misleadingly presented as former prices and prices misleadingly presented as comparative prices. For comparative prices, courts apply the reasonable consumer test according to whether the product is "exclusive" or "non-exclusive." *See Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018). In non-exclusive product cases, "more than one retailer offers the product at issue for sale. Because other retailers offer the same product for sale, there are legitimate prices to which to compare the defendant's comparative reference price." *Id*. In exclusive product cases, however, a store, "often an outlet store, sells a lower-price, different version of a product sold in a traditional retail store. The outlet uses

the price of the product made for the retail store as a comparative reference price on price tags." *Id.* Because those outlet products "were never sold in traditional retail stores for the comparative reference prices presented on the price tags," courts generally allow exclusive product claims to proceed because the offered prices are often a deceptive comparison. *Id.* *See also Safransky v. Fossil Grp., Inc.*, No. 17-CV-1865-MMA-NLS, 2018 WL 1726620, at *9 (S.D. Cal. Apr. 9, 2018); *Carvalho v. HP, Inc.*, No. 21-CV-08015-BLF, 2022 WL 17825688, at *5 (N.D. Cal. Dec. 20, 2022).

Plaintiff has met her burden under Rule 9(b) for both of her theories of Defendant's deceptive pricing. Plaintiff contends Defendant (the "who") sold a "Matta" small, multicompartment backpack and "Nicolle" waist bag (the "what"), which were not available at other retailers, at the Las Americas Outlet (the "where") on January 18, 2022 (the "when"). (Am. Compl. at ¶ 48.) Plaintiff contends she noticed numerous signs advertising "40% and 50% Off" discounts throughout the store. She alleges she interpreted these signs to indicate the listed prices for the backpack and waist bag were discounted from either the former prices of the bags or from the price of comparable items sold at Defendant's flagship stores. (*Id.* at ¶¶ 49–50.) Plaintiff claims she would not have purchased the bags but for Defendant's misrepresentations that the bags were discounted from former or comparable prices (the "how"). Plaintiff provides further explanation of how she believes Defendant's pricing schemes operated and other merchandise that exhibits similarly deceptive prices. (*Id.* at ¶¶ 23–29.) Plaintiff meets her burden under Rule 9(b), and her allegations compare favorably to allegations found sufficient under the rule by other courts. *See, e.g.*, *Fisher v. Eddie Bauer LLC*, No. 19-CV-857-JM-WVG, 2019 WL 9467922, at *7 (S.D. Cal. Oct. 18, 2019); *Rael v. New York & Co., Inc.*, No. 16-CV-369-BAS-JMA, 2017 WL 3021019, at *4 (S.D. Cal. July 17, 2017).

Defendant contends Plaintiff has failed to plead her claims with particularity because she fails to include photographs of the price tags of the items she purchased or what the specific price tag representations were. This demand is more onerous than is required under Rule 9(b). The objective of Rule 9(b) is to provide defendants with notice for what

fraud was alleged. *See Bly-Magee*, 236 F.3d at 1018. Pursuant to this objective, Rule 9(b) may be "relaxed" for "matters within the opposing party's knowledge." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). As discussed, Plaintiff has provided sufficient, particular allegations to provide Defendant with notice of its alleged fraud.

Defendant additionally asserts Plaintiff fails to meet her burden under Rule 9(b) because she does not allege the "who" or "when" of purchases made by unnamed class members. Plaintiff, however, provides answers to these questions in describing the class and Defendant's alleged pricing scheme. (Am. Compl. at ¶¶ 14–36.) Moreover, requiring extensive details of unnamed class members' claims defeats the purpose of an action brought under Rule 23. The unnamed class members are not yet parties to this action, and there would be no efficiency to a class action if the named class plaintiffs were required to describe in detail each class member, what she purchased, and how she was misled.

Defendant finally argues Plaintiff fails to plead with particularity that Kipling's "Valued At" comparative prices were false or misleading. Defendant asserts its "Valued At" prices could not be deceptive due to the common meaning of the word "Valued" and because Defendant's online pricing policy explains its "Valued At" pricing. Finally, Defendant asserts not all of its goods were sold with "Valued At" pricing tags or were sold exclusively such that Plaintiff fails to plead the policy was misleading.

In support of its arguments, Defendant requests the Court take judicial notice of Kipling's online pricing policy, Kipling's online return policy, Kipling's parent corporation's Form 10-K for 2023, and screen captures from Kipling's website for three products. (ECF No. 11.) Ordinarily, if the trial court considers evidence outside the pleadings, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(b). A court may, however, consider external evidence in a Rule 12(b)(6) motion where the document is incorporated by reference in the pleadings because the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Plaintiff quotes from Kipling's online pricing policy in her Amended Complaint (Am. Compl. at ¶ 17–18), and Kipling's pricing policy goes to the heart of her case such that it is incorporated by reference in the pleadings. Additionally, the Court may take judicial notice of Securities and Exchange Commission filings such as Kipling's 2023 Form 10-K. *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006). Defendant's remaining exhibits, however, need not be taken into consideration because they are not referred to extensively nor form the basis for her claims. The consideration of these exhibits, however, would not change the Court's analysis.

First, Defendant's contention that the "Valued At" prices were not deceptive is a factual question about the likelihood of consumer confusion which is generally inappropriate for a motion to dismiss. *See Williams*, 552 F.3d at 938; *Coe v. Gen. Mills, Inc.*, No. 15-CV-05112-TEH, 2016 WL 4208287, at *5 (N.D. Cal. Aug. 10, 2016) (citation omitted) (holding "[g]ranting a motion to dismiss is appropriate only in the rare situation where the advertisement itself [makes] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived."). And as noted, Plaintiff explains why it is possible that consumers believe "Valued At" prices reflect former prices. (Am. Compl. at ¶¶ 14–29.) Despite Defendant's claims, the purported plain meaning of the word "Valued" is not so obvious that it would be impossible for a reasonable consumer to be misled by Defendant's pricing scheme. Other district courts have found similar language could plausibly be construed by consumers as referencing prior prices. *See, e.g., Branca v. Nordstrom, Inc.*, No. 14-CV-2062-MMA-JMA, 2015 WL 10436858, at *7–8 (S.D. Cal. Oct. 9, 2015) (finding "Compare At" prices could be viewed as referencing prior prices); *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1111–12 (N.D. Cal. 2020) (declining to find crossed through prices were, as a matter of law, not misleading).

Second, Defendant's online "Valued At" pricing policy is not curative. As an initial matter, Plaintiff alleges some of Defendant's products were sold without a "Valued At" price tag. Further, Defendant did not provide significant notice of the pricing policy. Unlike other cases, Defendant's sales tags do not contain a conspicuous disclaimer or

asterisk signaling to consumers the availability of the pricing guide. *See Sperling v. Stein Mart, Inc.*, No. ED-CV-15-01411-BRO-KKX, 2016 WL 8925347, at *8 (C.D. Cal. Jan. 26, 2016) (noting the asterisk next to the phrase "Compare At" and accompanying small print referring to the defendant's online pricing policy rendered the plaintiff's conclusory allegations of misleading pricing implausible); *Chase v. Hobby Lobby Stores, Inc.*, No. 17-CV-00881-GPC-BLM, 2017 WL 4358146, at *9 (S.D. Cal. Oct. 2, 2017) (noting the presence of an asterisk next to the prices informing consumers of a pricing policy). Whether consumers knew or should have known about the policy is a factual question inappropriate for a motion to dismiss. And, even if consumers had been aware of the pricing policy, the question of their confusion is inappropriate for a motion to dismiss. Because it is not implausible that they would nevertheless be misled by Defendant's prices, particularly in the presence of sales tags and signs without the "Valued At" label, dismissal is not due.

Third, Defendant's additional factual argument that some sales tags do not contain the word "Valued" and that these products were available for sale at other retailers is not dispositive. While courts look to whether the products are sold exclusively and to what the prevailing market price is, the factual question of whether all of Defendant's goods are sold non-exclusively or at the prevailing market price is more appropriate for a motion for summary judgment. And again, questions about the typicality of Plaintiff's purchases for the other merchandise purchased by unnamed class members are ones for class certification. Even assuming not all of Kipling's price tags contain the word "Valued" or that some goods are available for purchase at other retailers, Defendant's counterexamples do not defeat the numerous examples provided by Plaintiff in support of her allegations that Defendant's prices are misleading.

Accordingly, Plaintiff has met her burden under Rule 9(b).

**V.  California False Advertising Law Claims**

Defendant contends Plaintiff fails to plead a claim under California's FAL because the FAL only applies to former price comparisons. Defendant claims it never offered its

products at the listed prior prices and its pricing policy states it expressly refers to comparable products such that California's FAL does not apply.

California's FAL contains two sections relevant to this action. Section 17500 of California's FAL prohibits businesses from disseminating "untrue or misleading" statements in connection with the sale of goods or services. Cal. Bus. & Prof. Code § 17500. This provision is more general and applicable to any false or misleading statements. In addition, Section 17501 of California's FAL specifically prohibits false statements about the former prices of goods. This is a more limited provision and was adopted by the California legislature to supplement the general prohibition against false or misleading advertising found in Section 17500. *See People v. Superior Ct. (J.C. Penney Corp., Inc.)*, 34 Cal. App. 5th 376, 392–93 (2019).

Section 17501 of California's FAL provides:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501. Claims brought under Section 17501 are limited to either false claims of former prices or former prices that are stale for longer than three months. Comparison prices to similar products offered by other merchants may violate Section 17500, but they do not violate Section 17501. *See, e.g.*, *Jacobo v. Ross Stores, Inc.*, No. 15-CV-04701-MWF-AGR, 2016 WL 3482041, at *9 (C.D. Cal. Feb. 23, 2016) (dismissing a California FAL claim where the defendant advertised a sale price and a "Compare At" price representing the amount charged for similar products by other retailers); *Branca*, 2015 WL 1841231, at *7–8 (finding "the 'Compare At' price listed on the Nordstrom Rack price tags" is not a former price for the purposes of the California FAL). While claims under Section 17501 are thus limited compared to claims brought under Section 17500, a former price need not be identified by the words "formerly" or "regularly" to be actionable.

*See, e.g.*, *Rubenstein v. Neiman Marcus Grp. LLC*, No. CV-14-07155-SJO-PRx, 2014 WL 12607695, at *4 (C.D. Cal. Dec. 12, 2014) (discussing the language used to describe former prices as opposed to comparison prices).

Plaintiff brings claims under both Section 17500 and Section 17501 of California's FAL. As discussed above, Plaintiff has plead sufficient allegations for a claim under Section 17500 that Defendant made false or misleading statements. To the extent Plaintiff seeks to hold Defendant liable under Section 17501 for products purchased with "Valued At" price tags, Defendant is correct these products are outside the scope of the statute because they are mere comparison prices. However, Plaintiff pleads more than just "Valued At" comparative prices in her Amended Complaint. Plaintiff consistently alleges Defendant offers prices that are false comparative prices *or* false former prices. (Am. Compl. at ¶¶ 14, 16, 20, 23, 26, 31, 34, 50.) Indeed, many of the sales tags included in the exhibits to Plaintiff's Amended Complaint do not include the "Valued At" language, and Plaintiff describes why she believed the listed prices could have been former prices for her purchases.

Additionally, Plaintiff's claims comport favorably with the facts of other cases found to have sufficiently plead a violation of Section 17501. *See, e.g.*, *Vizcarra v. Michaels Stores, Inc.*, No. 23-CV-00468-PCP, 2024 WL 64747, at *7 (N.D. Cal. Jan. 5, 2024) (finding a reasonable consumer could interpret the non-discounted list price is a "former" price under the meaning of California's FAL); *Knapp v. Art.com, Inc.*, No. 16-CV-00768-WHO, 2016 WL 3268995, at *4 (N.D. Cal. June 15, 2016) (holding there need not be "language such as, 'Formerly $9.99, Now 40% Off $9.99,' or, '40% Off the Former Price of $9.99,' to reasonably understand '40% off' to mean 40% off the former price of the product").

A comparison to *Carvalho v. HP, Inc.*, No. 21-CV-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022), which Defendant cites extensively, is instructive. In that case, HP advertised its laptops for sale through its website with a lower sales price next to a higher price listed in strikethrough typeface. *Id.* at *1. On each of the web pages listing

these "strikethrough" sales prices, HP included a section at the bottom of the web page titled "Disclaimer+," which clarified that the "strikethrough" prices were Manufacturer's Suggested Retail Prices ("MSRPs"). *Id.* The district court found the plaintiff failed to state a claim because the "strikethrough" sales prices were comparative prices, rather than former prices, and thus outside the reach of Section 17501. *Id.* at *5.

Plaintiff Calcagno's allegations, however, differ significantly from those in *Carvalho*. First, while Kipling Apparel had a pricing guide posted to its website, its sales signs and sales tags do not reference the pricing guide or repeat its contents. Second, in *Carvalho*, HP only ever advertised MSRPs and did not ever advertise former HP prices. *Id.* at *5. In comparison, Plaintiff alleges Kipling advertised both "Valued At" prices, similar to MSRPs, and former prices of Kipling goods.

Defendant additionally argues Plaintiff failed to allege a claim under the California FAL because she failed to plead Kipling knew or should have known its prices were false. Under Section 17500 of the California FAL, business are prohibited from disseminating statements that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ." Cal. Bus. & Prof. Code § 17500. Plaintiff has met her burden here. Defendant designed and implemented the pricing scheme in question. It plausibly follows that Defendant knew whether the listed comparative prices or former prices were false or misleading. This is sufficient to establish knowledge, which need only be plead generally. *See* Rule 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.") *See also Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 981 (N.D. Cal. 2018).

Accordingly, Defendant's motion to dismiss Plaintiff's FAL claim is denied.

## VI. California Consumer Legal Remedies Act Claims

Defendant contends Plaintiff fails to state a claim under California's CLRA. California's CLRA prohibits certain unfair methods of competition when selling consumer goods or services. Relevant to this matter, the statute prohibits "advertising goods or services with intent not to sell them as advertised" and "making false or misleading

statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(9), (13). Defendant avers Plaintiff fails to allege it advertises products that were not sold as advertised and fails to allege it makes false or misleading statements of fact regarding price reductions.

Plaintiff has sufficiently alleged a claim under both provisions of California's CLRA. In her Amended Complaint, Plaintiff notes she "is informed and believes and thereon alleges that the merchandise manufactured for and sold exclusively in Defendant's Outlet stores are inferior in quality—in materials, manufacturing process, and/or otherwise—compared to any 'similar' merchandise sold in Defendant's full-price stores." (Am. Compl. at ¶ 19.) Plaintiff further avers Defendant's prices "lead consumers to believe that they are getting higher quality, mainline Kipling-branded merchandise at a significant discount when, in reality, customers are receiving inferior quality, made-for-Outlet merchandise that has never been offered outside of the Kipling Outlets." (Am. Compl. at ¶ 23.) Defendant argues these pleadings are conclusory, but the Ninth Circuit has held the "*Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where . . . the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

In summary, Plaintiff alleges Defendant sells distinct merchandise in its flagship and outlet stores and presents sales prices which suggest consumers are receiving a discount from the flagship products when purchasing the outlet products. (Am. Compl. at ¶ 35.) This is sufficient for an inference that Defendant advertises goods with an intent not to sell them as advertised. And, as discussed above, Plaintiff sufficiently alleges Defendant made false or misleading statements around purported sale prices. Accordingly, Defendant's motion to dismiss is denied with respect to Plaintiff's California CLRA claims.

**VII. California Unfair Competition Laws**

Defendant contends Plaintiff's claims under California's UCL should be dismissed because she fails to allege Kipling engaged in unlawful or unfair competition. The UCL

prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. With respect to the unlawful prong, because the UCL proscribes any unlawful business practice, plaintiffs may "borrow" violations of other laws and treat them as independently actionable unfair competition. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Virtually any law federal, state or local can serve as a predicate for an action under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). If a plaintiff cannot state a claim under the predicate law, her UCL claim must also fail.

Kipling parrots its prior arguments that Plaintiff fails to plead an underlying violation the FAL and CLRA such that she does not plead Defendant acted unlawfully. As discussed, Plaintiff has sufficiently alleged violations under the FAL and CLRA. Therefore, Plaintiff has alleged Defendant acted unlawfully in violation of the UCL. The Court need not address Plaintiff's other contention that Defendant violated the Federal Torts Claims Act ("FTCA") as the other allegations are sufficient to state a claim under the UCL.

Kipling argues it did not commit any unfair business practices. The UCL proscribes business activity that "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). California courts have advanced two standards to assess claims brought under this prong. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) (discussing competing developments in California law with respect to unfairness claims under the UCL). Under the traditional balancing test, "an act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2007). Under the alternative tethering standard, a practice is unfair if a plaintiff shows a

defendant violated a "legislatively declared policy or proof of some actual or threatened impact on competition." *Cel-Tech*, 20 Cal. 4th at 186.

Plaintiff's pleadings meet either standard. Under the balancing test, Plaintiff alleges the false or misleading prices induced consumers to buy items they otherwise would not have. This results in consumer harm. While there may be some benefit to knowing the prevailing market price for a good, that benefit is reduced or eliminated if the purported prevailing price is false or if consumers would not purchase the products if not for the misleading prices. Under the tethering test, Defendant's alleged misleading prices violate the legislatively declared policy in favor of pricing transparency, as exhibited by the CLRA and UCL statutes themselves, and threaten competition by misleadingly portraying Defendant's prices as below the prevailing market price. As follows, Plaintiff has plead Defendant engages in unfair business practices.

Kipling further argues Plaintiff's claims should be dismissed under the unfair competition prong because the alleged misconduct overlaps entirely with the acts alleged to violate the unlawful prong of the UCL. Dismissal on this basis is only due, however, when unfair competition claims overlap entirely with unlawful claims and all of the claims under the unlawful prong did not survive. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017); *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016). Calcagno has sufficiently plead violations of the unlawful prong; thus, dismissal of her claims under the unfair competition prong does not follow.

Accordingly, Defendant's motion to dismiss Plaintiff's UCL claims is denied.

## VIII. Equitable Relief

### A. Standing for Injunctive Relief

Plaintiff seeks injunctive relief in connection with her UCL, CLRA, and California's FAL claims. Defendant argues she lacks standing to seek injunctive relief because she is now aware of Defendant's "Valued At" pricing scheme and makes conclusory allegations that she desires to shop at Defendant's stores in the future.

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 185 (2000)). A plaintiff seeking injunctive relief must demonstrate a "real or immediate threat that [they] will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (citation omitted). In the context of false advertising, the Ninth Circuit has found a plaintiff has standing to pursue injunctive relief where "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson*, 889 F.3d at 969–70 (citation omitted).

Plaintiff alleges she "regularly shops at outlets and *strongly* desires to shop at Defendant's Kipling Outlet stores again and she cannot be certain that Defendant will have corrected this deceptive pricing scheme." (Am. Compl. at ¶ 57.) She notes she "likes the brand, and it offers unique Kipling-branded handbags, luggage, backpacks, totes, and accessories that she likes that are not available anywhere else." (*Id.*) However, she alleges she cannot rely on the prices posted in Defendant's stores because they misleadingly refer to the purported value of the items or former prices of those items. Because the items are often sold exclusively in Kipling stores, Plaintiff does not have an identifiable point of comparison for the prices Defendant offers. Because she cannot rely on the price Defendant offers, she will not be able to purchase the products without risk of being misled again. This is sufficient for standing to seek injunctive relief.

### B. Availability of Equitable Relief

Defendant contends equitable relief under California's FAL, CLRA, and UCL are foreclosed because Plaintiff has an adequate remedy at law available to her. In support, Defendant cites *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Plaintiff responds that the holding in *Sonner* is limited to the case's unique procedural posture and

that the binding applicable precedent is *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020), such that she can pursue equitable remedies.

As this Court noted in another matter, "[m]uch ink has been spilled on this issue already." *See Fierro v. Cap. One, N.A.*, 656 F. Supp. 3d 1121, 1131 (S.D. Cal. 2023). The Court found *Sonner* is binding on this Court and declines to disturb that finding here. *Id.* Plaintiff's arguments to the contrary are unpersuasive. First, Plaintiff relies on a footnote in *Moore* that the UCL, FAL, and CLRA "explicitly provide that remedies under each act are cumulative to each other." *Moore*, 966 F.3d at 1021 n.13. This footnote is dicta and not binding on the Court. *See Shay v. Apple Inc.*, No. 20-CV-1629-GPC-BLM, 2021 WL 1733385, at *4 (C.D. Cal. May 3, 2021). Other district courts have consistently held *Sonner*, not *Moore*, resolved the split in authority as to whether a plaintiff must plead an inadequate remedy at law in order to seek equitable relief under the UCL and is thus authoritative. *Id.* (collecting cases). Second, the procedural posture of *Sonner* does not diminish its authority. The Ninth Circuit in *Sonner* noted the operative complaint failed to allege the plaintiff lacked an adequate legal remedy. *See Sonner*, 971 F.3d at 844. And many district courts have rejected attempts to distinguish *Sonner* on the basis of its procedural posture. *See Shay*, 2021 WL 1733385, at *4 (collecting cases).

As follows, the Court assesses whether Plaintiff has alleged an inadequate remedy at law permitting her to pursue equitable relief. The availability of any remedy at law does not foreclose all equitable relief; rather, the remedy at law must be adequate. With respect to injunctive relief, Plaintiff has sufficiently alleged the available remedies at law are inadequate. Injunctive relief is prospective and would prevent future injuries to Plaintiff. Damages are retrospective and would compensate Plaintiff for her prior purchase-related injuries. This distinction comports with the distinct remedies offered under California's consumer protection statutes. *See, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) (discussing the availability of equitable and monetary remedies under the UCL, CLRA, and FAL). As follows, Plaintiff can pursue injunctive relief because she lacks a corresponding legal remedy.

With respect to equitable monetary relief, however, Plaintiff has failed to allege how damages would not make her whole. Plaintiff contends she has not yet hired an expert to determine what size of an award of damages would remedy her monetary losses, but that does not mean damages would not sufficiently compensate her for her injuries. *See, e.g.*, *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908 (N.D. Cal. 2021) (holding damages did not appear to be an inadequate remedy for an alleged injury of loss of money as a result of misrepresentations); *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) ("Because Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury.").

Accordingly, the Court dismisses Plaintiff's claims for restitution and disgorgement of profits. Because Plaintiff may be able to cure these deficiencies, however, the Court grants Plaintiff leave to amend her claim that the available legal remedies are inadequate.

## IX. Conclusion

Defendant's motion to dismiss is **DENIED IN PART AND GRANTED IN PART**. (ECF No. 10.) Specifically, Defendant's motion is denied with respect to Plaintiff's UCL, CLRA, and California's FAL claims and for Plaintiff's prayer for injunctive and legal remedies. Defendant's motion is granted with respect to Plaintiff's prayer for equitable relief with leave to amend. If Plaintiff wishes to file a Second Amended Complaint, she must do so by **July 22, 2024.**

**IT IS SO ORDERED.**

**DATED: July 1, 2024**

Hon. Cynthia Bashant
United States District Judge